IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THOMAS E. KEEFER § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 2:23-CV-0021-JRG-RSP |
| § | |
| WEATHERPROOFING SERVICES, § | |
| LLC § | |
| *Defendant.* § | |

# REPORT AND RECOMMENDATION

Before the Court defendant Weatherproofing Services LLC moves to dismiss or in the alternative to transfer. Dkt. No. 8.

In this personal injury case, plaintiff Thomas Keefer alleges that On January 20, 2022 at 5002 Cowhorn Creek Rd, Texarkana, TX 75503, Bowie County, Texas, alleges that while walking past another pedestrian on a sidewalk he hit his right shin on and tripped over the trailer hitch of a work truck belonging to defendant. Dkt. No. 1 ¶ 5.

Defendant seeks dismissal pursuant to 28 USC § 1406(a) claiming that the suit was filed in the wrong division, here, and that suit should have been brought in the Texarkana Division. Dkt. No. 8 ¶¶ 2-3. In support, defendant cites to *Kriemerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir. 1994) (citing 28 USC § 1406(a)). However, that case relates to removal which requires filing in "the district court of the United States for the *district and division* within which [the civil action in State court] is pending." 28 USC § 1446(a) (emphasis added). In *Kriemerman*, the state court action was filed in the wrong division, and the Fifth Circuit held that the improper removal should be remedied by transfer under 28 USC § 1406(a). *Kriemerman*, 22 F.3d at 644-645. The instant action was filed in federal court, and as a result *Kriemerman* is not controlling.

"Prior to its repeal in 1988, the divisional venue statute, 28 U.S.C. § 1393, had limited plaintiffs in multi-divisional districts to filing suit in the division where the defendant resided." *In re Gibson*, 423 F. App'x 385, 388 (5th Cir. 2011). However, §1393 was repealed, and "plaintiffs [are] free to file suit in any division in a district," *id.*, pursuant to 28 USC § 1391(b)(2), which requires suit to "be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Notably missing from the general venue statute is a limitation as to in which division of a district suit must be filed. Accordingly, venue is not improper.

Defendant also moves for transfer pursuant to 28 USC § 1404(b). Dkt. No. 8 ¶ 4. However, it provides no analysis of relevant witnesses and evidence nor any justification for why the Court should exercise such "discretion." 28 USC § 1404(b).

Accordingly, it is the RECOMMENDATION of the undersigned that the motion, Dkt. No. 8, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 20th day of June, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE